UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 08-388-JBC**

**2H&V CONSTRUCTION SERVICES, LLC**                                              **PLAINTIFF,**

**V.**                    **MEMORANDUM OPINION AND ORDER**

**SERGENT SYSTEMS, INC., ET AL.,**                                                **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion by defendant Sergent Systems, Inc. for leave to file a third-party complaint (DE 12).  The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion.

The plaintiff, 2H&V Construction Services, LLC ("2H&V"), brought this action against Sergent Systems, Inc. ("SSI"), for breach of contract and breach of the duty of good faith.  2H&V is the general contractor on a renovation project and SSI is its subcontractor.  As a part of its obligations to its client, 2H&V obtained bonds from Great American Insurance Company ("GAIC").  In its answer to 2H&V's complaint, SSI brought a counterclaim against 2H&V.  SSI now moves for leave to file a third-party complaint against GAIC, stating that GAIC is the bonding company of 2H&V with respect to the same transaction and occurrence that is the subject of the plaintiff's complaint.  SSI states that GAIC may be liable for part of SSI's claims against 2H&V and that SSI has claims against GAIC directly as 2H&V's bonding company.  SSI argues that GAIC is a necessary and indispensable party to this action.

According to Rule 14 of the Federal Rules of Civil Procedure, a defendant may serve a "complaint on a nonparty who is or may be liable to it for all or part of the claim against it." SSI is not claiming that GAIC may be liable to SSI for any award based on the claims of 2H&V against SSI. Instead, SSI is arguing that GAIC is liable to SSI on the same claims that SSI alleged in its counterclaim against 2H&V. SSI has not asserted claims that allow for the filing of a third-party complaint. Thus, SSI may not file a third-party complaint against GAIC under Rule 14.

In its reply, SSI moves in the alternative to add GAIC as a party under Rules 13(h) and 20(a). Rule 13(h) provides that "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." SSI has tendered only a third-party complaint, which the court has ruled may not be filed, and the plaintiff has not had the opportunity to respond to the defendant's motion for alternative relief raised specifically in its reply brief. Thus, the court will not grant such alternative relief at this time.

**IT IS ORDERED** that defendant Sergent Systems, Inc.'s motion for leave to file a third party complaint (DE 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall meet no later than thirty (30) days from the date of this order, and they shall file a meeting report no later than ten (10) days thereafter.

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

Signed on  January 26, 2009