UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

*FILED ELECTRONICALLY*

| | | |
|---|---|---|
| 2H&V CONSTRUCTION SERVICES, LLC, | ) ) ) | No. 5:08-CV-388 |
| Plaintiff/Counter-Defendant, | ) ) ) | |
| v. | ) ) | |
| SERGENT SYSTEMS, INC.; CHARLES SERGENT; INTERNATIONAL FIDELITY INSURANCE CO.,; | ) ) ) ) ) | |
| Defendants | ) ) | |
| and | ) ) | |
| UNITED STATES FOR THE USE AND BENEFIT OF SERGENT SYSTEMS, INC. | ) ) ) ) | |
| Counter-Plaintiff | ) ) | |
| v. | ) ) | |
| GREAT AMERICAN INSURANCE CO. | ) ) ) | |
| Counter-Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \*

**DEFENDANT SERGENT SYSTEMS, INC.'S FIRST AMENDED
COUNTERCLAIM AGAINST GREAT AMERICAN INSURANCE COMPANY**

Comes the Counter-Plaintiff United States for the Use and Benefit of Sergent Systems, Inc. ("SSI"), by counsel, adopts by reference and incorporation herein Sergent Systerms Inc.'s

1

Counterclaim against Plaintiff 2H&V Construction Service, LLC, and for its Counterclaim against Great American Insurance Company, further alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action for breach of contract and payment under a contractor's bond procured as required by 40 U.S.C. § 3133, generally known as the Miller Act.

2. SSI is a Kentucky Corporation.

3. United States is required as a Counter-Plaintiff in this suit pursuant to 40 U.S.C. § 3133(b)(3)(A), but notice need not be provided to it because it is merely a nominal party and cannot benefit nor be held liable for the payment of any costs or expenses of suit.

4. Great American Insurance Company ("GAIC") is a foreign insurance company with its principal place of business in Cincinnati, Ohio, and can be served through its agent for service of process, Eve Cutler Rosen 580 Walnut Street, Cincinnati, Ohio 45202, as indicated by its filings with the Kentucky Department of Insurance.

5. GAIC is subject to this Court's jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, Fed. R. Civ. P. 13 and 40 U.S.C. § 3133.

6. Alternatively, by virtue of issuing a performance and payment bond for a construction contract located in Lexington, Kentucky, GAIC is subject to this Court's jurisdiction pursuant to 28 U.S.C. § 1332, and Fed. R. Civ. P. 13.

6. The amount in controversy exceeds $75,000.00.

7. Venue is appropriate pursuant to 28 U.S.C. § 1391(a) and 40 U.S.C. § 3133(b)(3)(A).

## FACTS AND CAUSES OF ACTION

8. 2H&V entered into a contract with the United States Department of Veterans Affairs for the replacement of air conditioning units at the Lexington, Kentucky Veterans Hospital, known as Contract No. VA249C-0235, replace A/C 3 & A/C 4, CCD (the "Project").

9. 2H&V entered into a Subcontract with SSI to perform a portion of the work on the project, executed November 16, 2007 (the "Subcontract").

10. On June 4, 2008, SSI submitted certain Contractor's Payment Request No. 2, along with supporting documentation, to 2H&V for payment of work performed through that date.

11. Under the Subcontract, 2H&V was obligated to pay that Payment Request No. 2 within seven (7) days of submission.

12. 2H&V failed and refused to make said payments as required.

13. Previously, 2H&V failed and refused to timely pay Contractor's Payment Request No. 1, taking almost sixty (60) days to make said payment, thereby demonstrating and pattern and practice of failure to act in good faith and with fair dealings toward SSI.

14. Subsequently, on or about June 23, 2008, and after SSI had arrived and was working on the Project, 2H&V and/or the VA at the direction and interference of 2H&V locked SSI out of the Project and refused to allow employees of SSI to re-enter the job site, thereby preventing SSI from carrying out its work under the Subcontract on the Project.

15. 2H&V demanded that SSI perform certain work not within the scope of the Subcontract and that had not been previously communicated or represented to SSI, constituting fraud, negligent and/or intentional misrepresentation, and fraudulent inducement.

16. On September 25, 2008, 2H&V unlawfully and wrongfully terminated and breached the Subcontract with SSI, as evidenced by letter from its counsel to counsel for SSI, a true and accurate copy of which is attached hereto as **EXHIBIT A-1**.

17. In conjunction with the foregoing, 2H&V owed certain common law, contractual, federal and state statutory, and/or regulatory obligations to SSI, including without limitation duties of good faith and fair dealing and contractual duties.

18. 2H&V breached those duties, and did so with negligence, with gross negligence, recklessly, maliciously, intentionally and/or in bad faith.

19. SSI has made demand on GAIC under its bond for payment to SSI for 2H&V's obligations to SSI under 40 U.S.C. § 3133, generally known as the Miller Act.

20. GAIC has taken the position that it does not have liability under its bond, regardless of 2H&V's default, actions, conduct, omissions, negligence, breaches, etc. described in SSI's Counterclaim against 2H&V.

21. SSI is a beneficiary of the bond issued by GAIC in connection with the Subcontract and the Contract with the VA.

22. As a result of the bond, Great America owes certain common law, contractual, federal and state statutory, and/or regulatory obligations to SSI, as an agent of the United States, including without limitation duties of good faith and fair dealing and contractual duties.

23. GAIC has breached its obligations by denying and refusing to perform its obligations under the bond.

24. As a result of GAIC's breaches and conduct, SSI has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

WHEREFORE, having stated its Counterclaim against GAIC, Sergent Systems, Inc. respectfully requests:

A.  Judgment against Great American Insurance Company, in an amount to be determined;

B.  Leave to amend this Counterclaim upon completion of reasonable discovery;

C.  SSI's costs incurred herein, including without limitation its reasonable attorneys' fees and expenses incurred;

D.  A trial by jury on all issues so triable; and

E.  Any and all other relief to which they may be entitled.

                      Respectfully submitted,

                      MCBRAYER, MCGINNIS, LESLIE
                      & KIRKLAND, PLLC
                      201 East Main Street, Suite 1000
                      Lexington, Kentucky 40507
                      (859) 231-8780

BY:   */s/ Benjamin L. Riddle*
        JON A. WOODALL, Esq.
        BENJAMIN L. RIDDLE, Esq.
        COUNSEL FOR DEFENDANTS
        SERGENT SYSTEMS, INC., AND
        CHARLES SERGENT

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Clerk of the Court by using the CM/ECF System on this 26th day of June 2009, and said CM/ECF System shall serve a copy of same upon the following counsel of record:

Laurence J. Zielke
John H. Dwyer, Jr.
Zielke Law Firm, PLLC
462 Fourth Street, Suite 1250
Louisville, Kentucky 40202
*Counsel for Plaintiff,*
*2H&V Construction Services, Inc.*
*and Counter-Defendant,*
*Great American Insurance Co.*

Thomas E. Crafton
Keith D. Heath
Alber Crafton, PSC
Hurstbourne Place, Suite 1300
9300 Shelbyville Road
Louisville, Kentucky 40222
*Co-Counsel for Defendant,*
*International Fidelity Insurance Company*

Lee M. Brewer, Esq.
Alber Crafton, PSC
501 West Schrock Road, Suite 104
Westerville, OH 43081
*Co-Counsel for Defendant,*
*International Fidelity Insurance Company*

/s/ Benjamin L. Riddle
COUNSEL FOR DEFENDANTS
SERGENT SYSTEMS, INC., AND
CHARLES SERGENT

6