UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 08-388-JBC**

**2H&V CONSTRUCTION SERVICES, LLC**                                    **PLAINTIFF,**

**V.**                    **MEMORANDUM OPINION AND ORDER**

**SERGENT SYSTEMS, INC., ET AL.,**                                        **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the defendant International Fidelity Insurance Company's motion to dismiss Count IV of the plaintiff's complaint (R. 51). The court will deny the motion as premature because all claims among the parties will be bifurcated to separate allegations of bad faith from the underlying claims sounding in tort and contract, which must be resolved before the bad faith claims may proceed.

The dispute concerns a failed project at the Lexington, Kentucky, Veterans Hospital involving, among other parties, a plaintiff contractor, 2H&V Construction Services, LLC (2H&V); a defendant subcontractor, Sergent Security Systems, Inc. (SSI); and defendant companies that provide bonds, International Fidelity Insurance Company (IFIC) and Great American Insurance Company (GAIC). In its complaint, 2H&V alleges breach of contract and a duty of good faith by SSI and IFIC. *See* R. 1. In its amended counterclaim, SSI alleges breach of "common law, contractual, federal and state statutory, and/or regulatory obligations," and a duty of good faith

by 2H&V and GAIC. R. 27.

At its discretion, a court may bifurcate issues in order to promote convenience, expedition, economy, or avoid prejudice. *See* Fed. R. Civ. P. 42(b); *Am. Trim, LLC v. Oracle Corp.*, 383 F.3d 462, 474 (6th Cir. 2004); *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). If the allegations of bad faith among the parties are claims upon which relief can be granted, the merits depend on whether those alleged to have acted in bad faith are liable in tort or obligated to pay under the contracts in the first place. *See Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993). Thus, the issues of negligence and breach of contract must be resolved before any bad faith claims, such as Count IV of 2H&V's complaint, may proceed. *See Smith v. Allstate Inc. Co.*, 403 F.3d 401, 407 (6th Cir. 2005); *Wittmer*, 864 S.W.2d at 891. Also, since the negligence and breach-of-contract claims will be resolved first, "it is logical to delay inquiry into or discovery of bad faith issues until there is reasonable certainty that discovery will be necessary." *Sanders v. Motorists Mut. Ins. Co.*, 2008 WL 4534089, at *3, 2008 U.S. Dist. LEXIS 80021, at *8 (E.D. Ky. 2008). Accordingly,

**IT IS ORDERED** that all claims will be bifurcated to separate bad faith allegations for resolution after the outcome of the underlying claims.

**IT IS FURTHER ORDERED** that the defendant International Fidelity Insurance Company's motion to dismiss Count IV of the plaintiff's complaint (R. 51) is **DENIED** as premature.

Signed on  November 30, 2009

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY