**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 08-388-JBC**

**2H&V CONSTRUCTION SERVICES, LLC**                                             **PLAINTIFF,**

**V.**                        **SECOND AMENDED SCHEDULING ORDER**

**SERGENT SYSTEMS, INC., ET AL.,**                                             **DEFENDANTS.**

* * * * * * * * * *

Upon the parties' joint motion to enter a second amended scheduling order (R. 73) **IT IS ORDERED** that the motion is **GRANTED** and the scheduling order filed on October 30, 2010, is amended as follows:

(1) The parties have exchanged information required by Rule 26(a)(1).

(2) No later than May 3, 2010, the plaintiff, counter-claim plaintiff, cross-plaintiff and/or third-party plaintiff shall disclose the identity of expert witnesses who may be used at trial and written reports by the expert witnesses as required by Rule 26(a)(2); no later than June 14, 2010, the defendant, counter-claim defendant, cross-defendant and/or third-party defendant shall make such disclosures.  Third parties or parties added or joined later shall disclose their experts under Rule 26(a)(2) within 60 days after appearance in this case, or within 30 days after the disclosure by the opposing party whichever is the longer period. All expert reports required by Rule 26 shall be served with the associated disclosure.  These disclosures need not be filed in the Court record. Nothing in this paragraph shall apply to the bifurcated bad faith claim, and separate dates for disclosure will be established for those claims, if necessary.

(3) Supplementation of disclosures and responses as required by Rule 26(e) is due within 30 days of discovery of new information, but by no later than thirty (30) days prior to the close of discovery.  This supplementation need not be filed in the Court record.  Nothing in this paragraph shall apply to the bifurcated bad faith claim, and separate dates for disclosure will be established for those claims, if

1

necessary.

(4) No later than June 1, 2010, the parties shall complete all fact discovery. Expert depositions shall be completed by August 13, 2010. Discovery shall be subject to the limitations as to number and duration proposed by the parties in their Joint Report filed with this Court on February 27, 2009. Pursuant to Fed. R. Civ. P. 34(b)(2)(E), electronically stored e-mail communication shall be produced in its original native format. For avoidance of confusion, email produced from Microsoft Outlook or Exchange systems may be produced in .pst files maintaining all folder structures and attachments, as opposed to individual .eml, .txt or image files. Other electronically stored information may, if practicable, be similarly produced in its original native format at the specific request of counsel.

(5) All discovery disputes are referred pursuant to Title 28 § 636 (b)(1)(A) to U.S. Magistrate Judge James B. Todd for resolution if the dispute occurs prior to April 30, 2010. Any discovery dispute occurring on or after April 30, 2010, or one that is not resolved by April 30, 2010, shall be referred pursuant to Title 28 § 636 (b)(1)(A) to U.S. Magistrate Judge Robert E. Wier for resolution. Discovery disputes shall be resolved in the following manner: (1) Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention; (2) if the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the Magistrate Judge; (3) if, and only if, the parties are unable to resolve their disputes after conference with the Magistrate Judge, they may file appropriate written motions with the court. Any written motions regarding discovery shall include the certification required by Rule 37(a)(2)(A), if applicable.

(6) The deadline to file all motions to amend pleadings or join additional parties has passed.

(7) No later than September 13, 2010, the parties shall file all dispositive motions and motions in limine, except those addressed below in paragraph 14. Motions pursuant to *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993), shall be styled as motions in limine.

(8) No later than seven (7) days prior to pretrial conference, counsel shall file the following:

(a) pursuant to Rule 26(a)(3)(A), a witness list with a brief summary of the expected testimony of each witness; pursuant to Rule 26(a)(3)(B), the witness list shall include the designation of those witnesses whose testimony is expected to be presented by deposition with references to the pages and the questions to be

2

presented; and, if the deposition was not taken stenographically, a transcript of the pertinent portions of the deposition testimony shall be attached to the witness list;

(b) pursuant to Rule 26(a)(3)(C), a list of exhibits intended to be used at trial; and

(c) a pretrial memorandum containing a succinct statement of the facts of the case, the questions of fact, the questions of law, expected evidentiary objections, and a listing of all pending motions. The pretrial memorandum shall also indicate the progress of the case and status of settlement negotiations; the likelihood of settlement; and the feasibility of alternative dispute resolution. Comments regarding the feasibility of alternative dispute resolution shall include the views of the parties on the method of resolution (i.e., mediation, arbitration, settlement conference, summary jury trial, etc.).

(9) No later than seven (7) days prior to pretrial conference, the parties shall pre-mark all exhibits in accord with Rule 83.10 of the Joint Local Rules for the United States District Courts of the Eastern and Western Districts of Kentucky, and shall exchange copies of all such exhibits and of all demonstrative aids intended to be used at trial.

(10) No later than seven (7) days prior to pretrial conference, the parties shall conduct a conference in person or by telephone to formulate agreed proposed jury instructions on the substantive law of the case.

(11) The pretrial conference remains scheduled on December 16, 2010 at 10:00 a.m. at Lexington, Kentucky. The attorneys who will be trying this action shall be present at the pretrial conference.

(12) At the time of the pretrial conference, the parties shall file with the Clerk and shall submit to the Court a copy of the agreed proposed jury instructions on the substantive law of the case. If the parties cannot agree on certain instructions, the parties shall file with the Clerk, and shall exchange, their separately proposed instructions with supporting authorities. In addition, the parties shall submit a Microsoft Word or WordPerfect compatible copy of the proposed instructions to the Court by email to Coffman_Chambers@kyed.uscourts.gov.

(13) At the time of the pretrial conference, the parties shall submit to the court an agreed statement of the case suitable for reading to the prospective jurors on voir dire.

(14) At the time of the pretrial conference, the parties shall file with the

3

Clerk, shall submit a copy to the Court, and shall exchange any objections to the use of depositions or to the admissibility of exhibits pursuant to Rule 26(a)(3). Such objections shall be in the form of motions in limine.  Objections not then disclosed, other than objections based on Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the Court for good cause shown.

(15) No later than three (3) working days prior to the trial of this action, the parties shall submit to the Court's Chambers a copy of each documentary exhibit.

(16) The jury trial remains scheduled on January 24, 2011, at 9:00 a.m. at Lexington, Kentucky.  The anticipated length of trial is 4-5 days.

(17) Requests to modify any dates or deadlines established by this order shall be submitted upon motion by the party or parties seeking such modification. However, any revision of the deadline for filing dispositive motions may result in cancellation of the dates assigned for pretrial conference and trial, with such dates to be rescheduled after resolution of dispositive motions.


Signed on  March 30, 2010

*Jennifer B. Coffman*

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4