# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

**CIVIL ACTION NO. 08-388-JBC**

**2H&V CONSTRUCTION SERVICES, LLC**                                          **PLAINTIFF,**

**V.**                        **<u>MEMORANDUM OPINION AND ORDER</u>**

**SERGENT SYSTEMS, INC., ET AL.,**                                           **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on defendant International Fidelity Insurance Company's second motion for summary judgment (R. 84).[1] The court will deny the motion for two reasons. First, International Fidelity's defenses implicate genuine issues of material fact. Second, International Fidelity's argument for a discharge of the bonds under the "cardinal change" doctrine fails because the parties never executed a new contract.

In resolving International Fidelity's motion for summary judgment, the court also must address plaintiff 2H&V Construction Services, LLC's motion to exclude Steve Simmons's errata sheet (R. 95). The court will grant that motion because Simmons and International Fidelity failed to request review of the deposition transcript before Simmons's deposition concluded.

---

[1] International Fidelity withdrew its first motion for summary judgment (R. 81) in a notice filed on September 28, 2010 (R. 83). The court will deny the first motion (R. 81) as moot.

I. **GENUINE ISSUES OF MATERIAL FACT**

The two defenses on which International Fidelity relies in its motion for summary judgment implicate genuine issues of material fact.

    A. <u>The bond dates</u>

For its first defense, International Fidelity asserts that the bonds it issued are null and void because they cover the un-executed October 30, 2007, subcontract instead of the executed November 9, 2007, subcontract. 2H&V, however, claims that International Fidelity's agent, Steve Simmons, erroneously typed October 30 when he prepared the bonds, and that the parties proceeded on the mistaken belief that the bonds covered the November 9 subcontract. 2H&V argues that the court should apply the doctrine of mutual mistake and reform the bonds to reflect the November 9 date.

2H&V's mutual-mistake argument implicates genuine issues of material fact. To prevail on that argument, 2H&V must prove by clear and convincing evidence that the mistake was mutual. *Abney v. Nationwide Mut. Ins. Co.*, 215 S.W.3d 699,703-04 (Ky. 2006) (citing *Campbellsville Lumber Co. v. Winfrey*, 303 S.W.2d 284, 286 (Ky. 1957)). The evidence, viewed in a light most favorable to 2H&V, indicates that all of the parties were mistaken about the correct date. Simmons testified that he made a mistake when he prepared the bonds on behalf of International Fidelity. After Simmons prepared the bonds, the bond principal, defendant Sergent Systems, Inc., delivered the documents to 2H&V. 2H&V paid

Sergent Systems, and Sergent Systems began work on the project. No one raised the date issue until this dispute commenced. The inference most favorable to 2H&V is that the parties proceeded on the belief that the bonds covered the November 9 subcontract.

To prevail on its mutual-mistake argument, 2H&V also must prove by clear and convincing evidence that the parties actually agreed on terms different from those expressed in the written instruments. *Abney*, 215 S.W.3d at 703-04 (citation omitted). The evidence, viewed in a light most favorable to 2H&V, satisfies that element as well. Simmons had a copy of the executed November 9 subcontract in his file; he testified that he would have relied on that version of the subcontract when he prepared the bonds. And it is reasonable to infer that 2H&V and Sergent Systems intended to bond the version of the subcontract that they actually executed, not an earlier draft. The view of the evidence most favorable to 2H&V indicates that all of the parties believed that November 9 was the correct date.

2H&V's mutual-mistake doctrine implicates a sufficient number of genuine fact issues to preclude summary judgment.

B. <u>2H&V's alleged misrepresentations</u>

For its second defense, International Fidelity argues that it is entitled to cancel the bonds because 2H&V misrepresented Sergent Systems's obligations to International Fidelity. This defense also implicates genuine issues of material fact.

3

To prove fraudulent misrepresentation, International Fidelity must prove by clear and convincing evidence that it relied on a representation made by 2H&V, among other elements. *Flegles, Inc. v. Truserv Corp.*, 289 S.W.3d 544, 549 (Ky. 2009) (citing *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464 (Ky. 1999)). Simmons, however, testified that he relied on Sergent Systems, not 2H&V, when he collected the information that International Fidelity required to underwrite the bonds. Although Simmons did have in his file an un-executed copy of the October 30 subcontract bearing 2H&V's fax number, he did not recall requesting that document or any other information from 2H&V. The inference most favorable to 2H&V is that International Fidelity did not rely on any representations made by 2H&V when it prepared the bonds.

Summary judgment on the fraudulent misrepresentation issue is inappropriate.

## II. CARDINAL CHANGE

International Fidelity also argues that it is entitled to a discharge of the bonds because 2H&V and Sergent Systems made a so-called "cardinal change" to the subcontract by including additional obligations in a supplement that they failed to disclose. International Fidelity cites a South Carolina case in support of its cardinal-change theory, although the court in that case does not actually use the term. *See generally Employers Ins. of Wausau v. Constr. Mgmt. Eng'rs of Fla., Inc.*, 377 S.E.2d 119 (S.C. Ct. App. 1989).

The cardinal-change theory would not assist International Fidelity even if the court were to adopt it. A cardinal change occurs when parties modify the terms of a contract or execute a new contract after a bond issues. *See id.* at 121-22. International Fidelity accuses 2H&V and Sergent Systems of failing to apprise International Fidelity of a supplement that existed at the time International Fidelity issued the bonds. International Fidelity does not claim that 2H&V or Sergent Systems modified the subcontract terms later. International Fidelity's cardinal-change argument, therefore, fails.

## III. STEVE SIMMONS'S ERRATA SHEET

The court will grant 2H&V's motion to exclude Steve Simmons's errata sheet. A deponent or a party must request review of a deposition transcript before the deposition is completed. Fed. R. Civ. P. 30(e)(1). Neither Simmons nor International Fidelity requested review of the transcript before Simmons's deposition concluded. Additionally, the officer conducting the deposition must note in a certificate whether review was requested. Fed. R. Civ. P. 30(e)(2). International Fidelity acknowledges that no such certificate exists.

The requirements of Rule 30(e) are explicit and mandatory. *See Rios v. Bigler*, 67 F.3d 1543, 1552 (10th Cir.1995). Because International Fidelity failed to satisfy them, the court has disregarded Simmons's errata sheet in considering the motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that International Fidelity's second motion for summary judgment (R. 84) is **DENIED**.

**IT IS FURTHER ORDERED** that International Fidelity's first motion for summary judgment (R. 81) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that 2H&V's motion to exclude Steve Simmons's errata sheet (R. 95) is **GRANTED**.

Signed on January 4, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY