**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**CIVIL ACTION NO. 08-388-JBC**

**2H&V CONSTRUCTION SERVICES, LLC**                                                  **PLAINTIFF,**

**V.**                 **MEMORANDUM OPINION AND ORDER**

**SERGENT SYSTEMS, INC., ET AL.,**                                                   **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on defendant Charles Sergent's motion for summary judgment (R. 85) and plaintiff 2H&V Construction Services, LLC's motion to voluntarily dismiss Sergent (R. 91). Because a genuine issue of material fact exists as to 2H&V's claim against Sergent, the court will deny summary judgment. The court, however, will grant 2H&V's motion to voluntarily dismiss Sergent.

A genuine issue of material fact exists as to 2H&V's claim against Sergent for intentional interference with prospective contractual relations. The issue is whether Sergent's communication with Tom Finney of Tom Finney Company, Inc., induced Finney to refrain from bidding on the Veterans Affairs Hospital project, or whether Finney declined because he had scheduling conflicts. If Finney declined because he had scheduling conflicts, 2H&V cannot prove the inducement element of the tort. *See Cullen v. South East Coal Co.*, 685 S.W.2d 187, 189-90 (Ky. Ct. App. 1983) (citing *Restatement (Second) of Torts* § 766B).

In a telephone conversation, Finney told 2H&V representative Doug Osborne

that Sergent had asked him to refrain from bidding on the job. Finney, however, agreed to consider the project anyway, and Osborne sent him specifications. After considering the project, Finney wrote Osborne an e-mail message and stated that he had decided not to bid on the project "because it does not fit in our schedule." R. 85 Ex. 2 at 274. According to Sergent, that e-mail message leaves no room for dispute that Finney declined to bid on the project because of scheduling conflicts, not because of Sergent's attempted inducement.

At summary judgment, the court must view the evidence in a light most favorable to 2H&V. *Noble v. Chrysler Motors* Corp., 32 F.3d 997, 999 (6th Cir. 1999) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986)). Although Finney's e-mail message might appear to establish Sergent's theory, that view of the evidence is not 2H&V's most favorable. Instead, reasonable jurors could question the veracity of Finney's statement in light of his prior communication with Sergent. Finney's e-mail message, moreover, is a hearsay statement. Without direct testimony from Finney, Sergent would appear to have a difficult time establishing its theory. Summary judgment is inappropriate.

The court, however, will grant 2H&V's motion to voluntarily dismiss Sergent. Fed. R. Civ. P. 41(a)(2). The court will dismiss Sergent with prejudice because discovery has closed and 2H&V now believes that its claim against Sergent is "somewhat peripheral" to the litigation. R. 91 at 3. The court will reserve on Sergent's request for an award of costs because the parties have not identified the

prevailing party. Fed. R. Civ. P. 54(d)(1). Either party may move for costs by filing a motion addressing that issue. Accordingly,

**IT IS ORDERED** that defendant Charles Sergent's motion for summary judgment (R. 85) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff 2H&V Construction Services, LLC's motion to voluntarily dismiss Charles Sergent (R. 91) is **GRANTED** and that 2H&V's claim against Charles Sergent is **DISMISSED WITH PREJUDICE**.

Signed on January 4, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

3